UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>FRISCO SAN JUAN AYALA,<br><br>　　　　　　　　Defendant. | NO:  2:12-CR-49-RMP-5<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion for Reconsideration of his sentence, **ECF No. 577**.  The Ninth Circuit Court of Appeals remanded this case for consideration under 18 U.S.C. § 3582(c)(2) in light of the June 2016 decision in *United States v. Davis*, 825 F.3d 1014, 1027 (9th Cir. 2016) (en banc). Having reviewed the parties' briefing and the relevant record, the Court is fully informed.

On March 29, 2013, Defendant Ayala entered into a plea agreement with the Government pursuant to Fed. R. Crim. P. 11(c)(1)(C).  Defendant pleaded guilty to one count of possession of 360 grams of heroin with intent to distribute.  ECF No. 376 at 6.  The count to which Defendant pleaded guilty concerned one hundred grams or more of heroin, or a mixture containing it, while Defendant was

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

originally indicted for conspiracy to distribute one kilogram or more of the substance.

The parties agreed that a 96-month term of incarceration was the appropriate disposition of the case. The parties further agreed that Defendant's total offense level would be 23. With respect to the sentencing range, the parties agreed that "the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing." ECF No. 376 at 6.

The Court determined that Defendant's total offense level was 25; his criminal history category was IV; and, thus, the applicable U.S.S.G. guideline range was 84 to 108 months. ECF No. 425. After reviewing the plea agreement and considering the factors in 18 U.S.C. § 3553(a), the Court sentenced Defendant to 96 months of imprisonment and a 6-year term of supervised release. ECF No. 424.

In 2014, the United States Sentencing Commission amended the U.S.S.G. to reduce the recommended penalties for most drug trafficking offenses by lowering, by two levels, the offense levels in the §2D1.1 Drug Quantity Table ("Amendment 782"). The Sentencing Commission established that the Amendment 782 reduction could be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce an otherwise final sentence in light of subsequent amendments to the U.S.S.G.

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

To be eligible for relief under § 3582(c)(2), the original sentence must have been "based on" the U.S.S.G. In *Freeman v. United States*, 564 U.S. 522 (2011), the Supreme Court considered whether "defendants who enter into [Rule 11(c)(1)(C)] plea agreements that recommend a particular sentence as a condition of the guilty plea" may secure reductions to their sentence through § 3582(c)(2), *i.e.* whether 11(c)(1)(C) defendants' sentences are *ever* "based on" the U.S.S.G. *Freeman* did not produce a majority opinion and instead resulted in four justices joining a plurality opinion, Justice Sotomayor authoring a concurring opinion, and four justices joining a dissent.

The Ninth Circuit initially interpreted the result in *Freeman* to hold that sentences imposed pursuant to Rule 11 plea agreements were not "based on" the U.S.S.G., with minor exceptions, and, therefore, could not be modified under § 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012). However, in June 2016, the Ninth Circuit overruled *Austin* and held that a defendant whose original sentence followed a Rule 11 plea agreement "should be eligible for a sentence reduction when one factor in a defendant's sentence was a 'since-rejected Guideline.'" *United States v. Davis*, 825 F.3d at 1027 (*quoting Freeman*, 564 U.S. at 530).

A court must perform a "two-step inquiry" in determining whether to reduce a defendant's sentence under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826 (2010). The first determination is whether any U.S.S.G. amendments apply to

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 3

defendant's sentence. *Dillon*, 560 U.S. at 826-27. Second, if the court determines that a defendant is eligible for relief, the court must weigh the sentencing factors set out in 18 U.S.C. § 3553(a), to the extent that they are applicable, and determine whether a reduction within the amended U.S.S.G. range is warranted. *Dillon*, 560 U.S. at 826-27.

The factors for a sentencing judge to consider under 18 U.S.C. § 3553(a) include, as applicable: "the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); 18 U.S.C. § 3553(a)(1)-(7).

The Court's application of the first step of the inquiry differs from the Court's order denying Defendant's first motion for a reduction in sentence based on Amendment 782, because the Ninth Circuit had not yet decided *Davis*, 825 F.3d 1014. *See* ECF No. 532. Defendant's plea agreement required the Court to determine the applicable guideline range at the time of sentencing and contemplated a 3-level downward adjustment for acceptance of responsibility.

At sentencing, the Court determined Defendant's base offense level, independent of the parties' agreement, adjusted Defendant's offense level downward by three levels, and entered a 96-month sentence, which fell within the calculated range. All four of these circumstances closely align with the circumstances that the circuit court viewed as leaving "no doubt" that the *Davis* defendant's sentence was "based on" the U.S.S.G. *See* 825 F.3d at 1027-28.

However, the Court concludes that *Davis* does not change the outcome of the two-step inquiry as a whole. The second factor requires a discretionary determination as to whether Defendant's sentence warrants a reduction under § 3582(c)(2) and related policy statements in U.S.S.G. 1B1.10. Following Amendment 782, and holding all other calculations constant, Defendant's amended offense level is 23 with an amended U.S.S.G. range of 70 to 87 months.

Considering whether a reduction is warranted in light of the §3553(a) factors, the Court concludes that a term of 96 months is still appropriate. There are several indications that Defendant Ayala realized significant benefits of the bargain he made with the Government. Defendant pleaded guilty to a superseding indictment alleging possession of a much lower quantity of heroin than originally charged. While the plea agreement stated a "Final Offense Level" of 23, which would have meant a Guidelines range of 70 to 87 months at criminal history category IV, the parties agreed to a period of incarceration above that range. The Government avers that Defendant "faced a mandatory 120-month sentence if a

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5

sentencing enhancement (based on his prior drug-related convictions] had been filed." ECF No. 578 at 11.

The Court further notes that the final presentence investigation report, with amendments as ordered by the Court at sentencing, set out Defendant's "significant prior history of assaultive conduct," the seriousness of which may have been inadequately reflected by Defendant's criminal history category. ECF No. 422 at 33. Indeed, Defendant was carrying brass knuckles at the time of his arrest leading to his instant conviction. In determining Defendant's sentence, the Court also was cognizant of the need to avoid unwarranted sentence disparities between similar codefendants.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Ayala's Motion for Sentence Reduction, **ECF No. 577**, is **DENIED**. Defendant Ayala's sentence of incarceration shall **REMAIN at 96 months**.

**IT IS SO ORDERED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** March 2, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge